# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.M. as father and natural guardian | : | CIVIL ACTION - LAW |
| of A.M., a minor, and | : | |
| S.K. as father and natural guardian of | : | |
| T.K., a minor | : | JURY TRIAL DEMANDED |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| TAMAQUA AREA SCHOOL | : | |
| DISTRICT, RAYMOND KINDER, | : | |
| STEVEN TOTH, THOMAS MCCABE, | : | No. 3:22-CV-00525-JFS |
| LARRY WITTIG, NICHOLAS BOYLE, | : | |
| MELANIE DILLMAN, THOMAS | : | |
| BARTASAVAGE, BRYAN MILLER, | : | |
| MARK ROTHER, THOMAS ROTTET, | : | |
| DANIEL SCHOENER, AND TRINA | : | |
| SCHELLHAMMER, | : | |
|     Defendants. | : | |

## DEFENDANTS' RULE 12(B)(6) BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Sweet, Stevens, Katz & Williams LLP
Gary H. Dadamo, Atty. I.D. #93292
331 E. Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111 – Office
(215) 348-1747 – Facsimile
gdadamo@sweetstevens.com
Counsel for Defendants

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ……………………………………………..i-ii

**I.    RELEVANT BACKGROUND**.....................................................................1

**II.   STATEMENT OF ISSUES PRESENTED**...................................................4

    **A.**    WHETHER THE COMPLAINT FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM AGAINST DEFENDANTS? ............................................................... 4

    **B.**    IN THE ALTERNATIVE, WHETHER THE COMPLAINT FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS?...... 4

    **C.**    IN THE ALTERNATIVE, WHETHER THE COMPLAINT FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM AGAINST THE DISTRICT? ......................... 4

    **D.**    WHETHER THE COMPLAINT FAILS TO SET FORTH A VIABLE TITLE IX CLAIM AGAINST THE DISTRICT?............................................................... 4

    **E.**    WHETHER THE COMPLAINT FAILS TO SET FORTH A VIABLE TITLE IX RETALIATION CLAIM? ............................................................................. 5

**III.  STANDARD OF REVIEW**.........................................................................5

**IV.  ARGUMENT**................................................................................................6

    **A.**    THE COMPLAINT FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM ARISING UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT BECAUSE THERE ARE NO ALLEGATIONS THAT A FEMALE STUDENT WAS TREATED IN A DIFFERENT MANNER BY ANY DEFENDANT. 6

    **B.**    THE COMPLAINT ALSO FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS BECAUSE THERE ARE NO ALLEGATIONS OF THEIR PERSONAL INVOLVEMENT IN THE ALLEGED VIOLATION(S) OF PLAINTIFFS' CONSTITUTIONAL RIGHTS. ...................... 8

    **C.**    THE COMPLAINT FAILS TO SET FORTH A VIABLE SECTION 1983 CLAIM AGAINST THE DISTRICT PURSUANT TO *MONELL* AND ITS PROGENY. ....... 10

    **D.**    THE COMPLAINT FAILS TO SET FORTH A VIABLE TITLE IX CLAIM AGAINST THE DISTRICT. ...................................................................... 15

    **E.**    THE COMPLAINT FAILS TO SET FORTH A VIABLE CLAIM FOR TITLE IX RETALIATION. ...................................................................................... 19

**V.    CONCLUSION** ..........................................................................................21

**CERTIFICATES**

# TABLE OF AUTHORITIES

## Cases

*Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990) .........................7, 12

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) .................................................. 5, 8, 14, 20

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).................................... 5, 8, 20

*Bielevicz v. Dubinon,* 915 F.2d 845, 849–50 (3d Cir. 1990) ........................... 11, 12

*Bohen v. City of East Chicago*, 799 F.2d 1180, 1186–87 (7th Cir.1986)................7

*Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)............................20

*City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).......................6

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988)..........................................................................................................9

*Connelly v. Lane Construction Corp.,* 809 F.3d 780, 789 (3d Cir. 2016)...............13

*Connick v. Thompson*, 563 U.S. 51, 60 (2011).................................................. 11, 12

*Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 640 (1999) ...............................15

*Doe v. Princeton Univ.*, 790 F. App'x 379, 384–85 (3d Cir. 2019)................. 16, 19

*Edwards v. A.H. Cornell & Sons, Inc.*, 610 F.3d 217, 219-20 (3d Cir. 2010) ..........5

*Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 257 (2009) ...........................11

*Fletcher v. O'Donnell*, 867 F.2d 791, 793–94 (3d Cir.)...........................................13

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).......................5

*Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 281 (1998) .........................15

*Kelly v. Borough of Carlisle,* 622 F.3d 248, 263 (3d Cir. 2010) ............................12

*Kuhar v. Greensburg–Salem Sch. Dist.,* 616 F.2d 676, 677 n. 1 (3d Cir. 1980).......7

*Mesadieu v. City of Linden*, 791 F. App'x 294, 296 (3d Cir. 2020) ........................21

*Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) ...... 10-12

*Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) ........................................... 11, 12

*Peñalbert–Rosa v. Fortuño–Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ................14

*Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ....................6

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)....................................8

*S.K. v. N. Allegheny Sch. Dist.,* 168 F.Supp. 3d 786, 815 (W.D. Pa. 2016)............15

*Shoemaker v. City of Lock Haven*, 906 F.Supp. 230, 238 (M.D. Pa. 1995) .............7

*Shuman ex rel. Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 151 (3d Cir. 2005)........................................................................................................6, 7

## Statutes

20 U.S.C. § 1681(a) ................................................................................................15

28 U.S.C. § 1367(c)(3)............................................................................................21

42 U.S.C. § 1983 ...................................................................................................4, 6

## Rules

Federal Rule of Civil Procedure 12(b)(6) ............................................................1, 5

Defendants, Tamaqua Area School District, Raymond Kinder, Steven Toth, Thomas McCabe, Larry Wittig, Nicholas Boyle, Melanie Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel Schoener and Trina Schellhammer, by and through their attorneys, Sweet, Stevens, Katz & Williams LLP, hereby submit this Brief in Support of their Motion to Dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure in response to the Complaint.  For the reasons that follow, the Motion to Dismiss should be granted and the Complaint dismissed as to all Defendants.

## I.    <u>RELEVANT BACKGROUND[1]</u>

On April 11, 2022, Plaintiffs initiated this action with the filing of a civil Complaint (ECF 1).  Defendants accepted service of the Complaint on or about April 14, 2022.  The Complaint arises from the alleged assault of Plaintiffs A.M. and T.K. who are/were students at Tamaqua Area School District ("District") during the relevant times as alleged.

According to the Complaint, there is a building referred to as the "Football House" across the street from the District.  (ECF 1, ¶¶ 19-20).  Without setting forth any specific facts, Plaintiffs allege that the District's football team maintains a tradition of sexually assaulting freshman players.  (ECF 1, ¶ 24).  On November 4, 2021, Plaintiff A.M. was allegedly assaulted in the Football House.  (ECF 1, ¶¶ 27-

---

[1] The background cited herein follows the same referenced in Defendants' Motion to Dismiss.

36).  The assault alleged included the act of forcible penetration of a banana by Z.M. into the anus of A.M.  (ECF 1, ¶ 33).  Plaintiff T.K. was allegedly assaulted the same night as A.M. in a similar manner.  (ECF 1, ¶¶ 38-41).

The Complaint alleges that A.M. immediately reported the incident to the District.  (ECF 1, ¶¶ 42-45).  A.M. was interviewed by the Tamaqua Borough Police Department the night of the incident.  (ECF 1, ¶ 46).  On November 5, 2021, Defendant McCabe showed Plaintiffs S.K. and T.K. security footage from the school cafeteria prior to the alleged assault.  (ECF 1, ¶¶ 48-51).  T.K. provided a written statement to Defendant McCabe pursuant to McCabe's written request for same.  (ECF 1, ¶ 52).  On November 5, 2021, McCabe advised S.M. that the District would conduct interviews related to the alleged incident.  (ECF 1, ¶ 56).  On November 11, 2021, A.M. provided Defendant Toth with the written statement that he provided to the Police Department.  (ECF 1, ¶ 47).

The District held disciplinary hearings for two of the students who were alleged perpetrators of the assault of A.M. on November 16 and 18, 2021.  (ECF 1, ¶¶ 62, 66).  A.M. did not testify at the disciplinary hearings.  (ECF 1, ¶¶ 65, 73). The Complaint alleges that S.M. and A.M. were not advised of A.M.'s right to be represented by an attorney throughout the investigation by the District.  (ECF 1, 74)

On November 22, 2021, the Tamaqua Area School Board held a special meeting regarding the alleged assaults.  There are no allegations that the students

2

were expelled.  (ECF 1, ¶ 78).  On November 23, 2021, despite there being no basis to do so, S.M. requested that Defendant Kinder recuse himself from any further involvement in the investigation.  (ECF 1, ¶ 84).  Kinder agreed to recuse himself to the extent that he could as Superintendent.  (ECF 1, ¶ 85).  On November 23, 2021, Defendants Toth and McCabe had a meeting with S.M. and A.M. (ECF 1, ¶ 86).

Despite the initial report to, and immediate involvement of, the local police, several meetings with S.M. and A.M. by District officials after the alleged assault occurred, the disciplinary hearings for the students who were the alleged perpetrators, and the special meeting of the School Board following the disciplinary hearings, Plaintiffs claim that Defendants conspired to cover up that A.M. was assaulted.  (ECF 1, ¶ 87).  A.M. claims that he was the subject of bullying by other students at the District after the alleged assault and the same was reported to Defendants Toth and McCabe.  (ECF 1, ¶¶ 89-93).  A.M. also claims that he was subjected to an incident as a member of the District's wrestling team, although he acknowledges that he was not assaulted.  (ECF 1, ¶¶ 94-95).  A.M. subsequently withdrew as a student from the District on January 27, 2022.  (ECF 1, ¶ 96).

The Complaint alleges that neither S.M. nor S.K. were ever contacted by a Title IX Coordinator from the District and advised of their respective rights.  (ECF 1, ¶¶ 101-102).  The Complaint concludes, in stark contradiction to the allegations set forth therein, that the District took no action to investigate or institute corrective

3

action designed to prevent future assaults and that officials conspired to hide the truth. (ECF, ¶ 103).

Counts 1-7 of the Complaint attempt to set forth violations of Title IX against the District. Counts 8-11 of the Complaint attempt to set forth claims pursuant to 42 U.S.C. § 1983 against the Defendants for alleged violations of Plaintiffs' Equal Protection rights under the Fourteenth Amendment. Counts 12-14 of the Complaint purport to set forth claims under Pennsylvania law for Negligence against the Defendants.

## II.   STATEMENT OF ISSUES PRESENTED

**A.   Whether the Complaint fails to set forth a viable Section 1983 claim against Defendants?**

**[suggested answer in the affirmative]**

**B.   In the alternative, whether the Complaint fails to set forth a viable Section 1983 claim against Individual Defendants?**

**[suggested answer in the affirmative]**

**C.   In the alternative, whether the Complaint fails to set forth a viable Section 1983 claim against the District?**

**[suggested answer in the affirmative]**

**D.   Whether the Complaint fails to set forth a viable Title IX claim against the District?**

**[suggested answer in the affirmative]**

E.    **Whether the Complaint fails to set forth a viable Title IX retaliation claim?**

**[suggested answer in the affirmative]**

III.   **STANDARD OF REVIEW**

The motion to dismiss standard under Rule 12(b)(6) was examined by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  After Iqbal, it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice in defeating a Rule 12(b)(6) motion to dismiss." Id. at 1949; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).

Applying the principles of *Iqbal*, the Third Circuit Court of Appeals in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) articulated a two-part analysis that District Courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss.  *See also*, *Edwards v. A.H. Cornell & Sons, Inc.*, 610 F.3d 217, 219-20 (3d Cir. 2010).  First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler*, 578 F.3d at 210-211.  Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief."  *Id*. at 211.  "In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must 'show' such an entitlement with

the facts." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## IV.   ARGUMENT

### A.   The Complaint fails to set forth a viable Section 1983 claim arising under the Equal Protection Clause of the Fourteenth Amendment because there are no allegations that a female student was treated in a different manner by any Defendant.

In Counts 8-11 of the Complaint, Plaintiffs attempt to set forth claims pursuant to 42 U.S.C. § 1983 against the Defendants for alleged violations of Plaintiffs' Equal Protection rights under the Fourteenth Amendment.   Plaintiffs' claims are based upon the bald assertion, not supported by any specific facts whatsoever and only "upon information and belief," that if a female student reported a sexual assault, "defendants" would not consider it hazing and would investigate report.   (ECF 1, ¶¶ 151, 162).   Since there are no specific facts alleged to support their Fourteenth Amendment claims, all such claims must be dismissed with prejudice.

"Under the Fourteenth Amendment, no State shall 'deny to any person within its jurisdiction the equal protection of the laws.' " *Shuman ex rel. Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (*quoting* U.S. Const. amend. XIV, § 1.). The Clause essentially is a directive that all persons similarly situated be treated alike. Id. (*citing City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985)).

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class."  *Shoemaker v. City of Lock Haven*, 906 F.Supp. 230, 238 (M.D. Pa. 1995) (citations omitted); *accord Shuman*, 422 F.3d at 151 ("In order to bring a successful section 1983 claim for the denial of equal protection, plaintiffs must prove the existence of purposeful discrimination.") (*citing Andrews v. City of Phila.,* 895 F.2d 1469, 1478 (3d Cir. 1990)). In other words, a plaintiff must demonstrate that he or she received different treatment from that received by other individuals similarly situated. *Shuman*, 422 F.3d at 151 (*citing Kuhar v. Greensburg–Salem Sch. Dist.,* 616 F.2d 676, 677 n. 1 (3d Cir. 1980)). And to prove sexual discrimination, a plaintiff must show that the identified disparate treatment was based upon his or her gender. *Id*. (*citing Bohen v. City of East Chicago*, 799 F.2d 1180, 1186–87 (7th Cir.1986)).

Accordingly, since Plaintiffs' claims rest upon the allegations that Plaintiffs were subjected to a sexual assault and that Defendants did not respond in a reasonable manner, the Complaint must set forth specific facts that a female student was sexually assaulted by another student and that Defendants did respond in a reasonable manner.  The Complaint falls woefully short of alleging such facts.  There are simply no specific facts of any such prior incident involving a student of a different gender than either Plaintiff.  Rather, the Complaint rests upon "information

7

and belief," which is really code for Plaintiffs' acknowledgment that they don't have any such facts in their possession, otherwise such facts would have been included in the pleading. Without the inclusion of any specific facts, the Complaint fails to satisfy the sufficiency standard established by *Iqbal* and *Twombly*. Therefore, Counts 8-11 of the Complaint must be dismissed for failure to state a claim for a violation of Plaintiffs' Equal Protection rights upon which relief could be granted.

**B.**     **The Complaint also fails to set forth a viable Section 1983 claim against Individual Defendants because there are no allegations of their personal involvement in the alleged violation(s) of Plaintiffs' constitutional rights.**

Counts 8 and 9 of the Complaint attempt to set forth Section 1983 claims against Raymond Kinder, Steven Toth, Thomas McCabe, Larry Wittig, Nicholas Boyle, Melanie Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel Schoener and Trina Schellhammer (collectively "Individual Defendants"). However, a defendant in a civil rights action must, in any case, have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity. *Rode, supra*. General authority to enforce the applicable law is not sufficient to make government officials the proper parties to litigation challenging the law. *Id.* at 1208.

The Individual Defendants must be dismissed because there are insufficient allegations of their personal involvement in the alleged violation of Plaintiffs'

constitutional rights.  There are no specific allegations that any Individual Defendant treated Plaintiffs differently because of their sex/gender in such a manner which resulted in a violation of Plaintiffs' constitutional rights.  Rather, the Complaint appears to support Plaintiffs' claims based upon the "power" of Defendants Kinder (Superintendent), Toth (Assistant Superintendent), and McCabe (School Principal) to address student-on-student sexual harassment and that said "power" was shared with the other Individual Defendants.  (ECF, ¶ 155).  In addition to failing to set forth any personal involvement in the alleged violations of Plaintiffs' Fourteenth Amendment rights regarding the incident(s) alleged, there are no specific facts of any other incident whereby Individual Defendants treated a student more or less favorably than Plaintiffs following a report of an alleged sexual assault.

Moreover, Defendant McCabe, school principal, in addition to not having had any personal involvement in the alleged violations of Plaintiffs' constitutional rights, is an administrative employee and does not have decision-making or policymaking authority as a matter of law.  The Complaint alleges merely that McCabe was involved in the District's investigation of the incident.  "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability. *Id.,* at 483, 106 S.Ct., at 1300 (plurality opinion)." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

Furthermore, there are zero (0) allegations of any specific personal involvement against board directors and Defendants Melanie Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel Schoener and Trina Schellhammer.  There is only a single allegation involving Nick Boyle (Board Vice President) that S.M. called him after the alleged incident occurred.  (ECF 1, ¶ 44). Likewise, there are only a handful of allegations against Defendant Larry Wittig (Board President) whereby Wittig is alleged to have made comments denying the false allegations that the District was somehow involved in a cover up.  (ECF 1, ¶¶ 57, 87-88).  These limited allegations do not establish the requisite personal involvement necessary for a Section 1983 claim as a matter of law.  Thus, Individual Defendants must be dismissed from this action since the Complaint fails to allege their personal involvement in any violation of Plaintiffs' constitutional rights.

### C.    The Complaint fails to set forth a viable Section 1983 claim against the District pursuant to *Monell* and its progeny.

Counts 10 and 11 of the Complaint attempt to assert Section 1983 claims against the District.  To support their claims, Plaintiffs rely upon bald conclusions that the District had unconstitutional customs and/or policies, including failing to respond to male-on-male sexual assault, failing to enforce existing policies and failing to train employees.  (ECF 1, ¶¶ 173, 185).  Plaintiffs claim that they suffered "damage" as a result of the District's unconstitutional policies and customs.  Since there are no specific facts of any practice or policies, and because there is no

underlying violation of Plaintiffs' constitutional rights, the Section 1983 claims asserted against the District must be dismissed on this basis as well.

"A plaintiff stating a similar claim via § 1983 for violation of the Equal Protection Clause by a school district...must" meet the requirements needed to establish municipal liability under *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) and its progeny. *Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 257 (2009). In *Monell*, the Supreme Court held that "[a] municipality or other local government may be liable under § 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (*quoting Monell*, 436 U.S. at 692). However, such entities "are responsible only for 'their own illegal acts' [and] are not vicariously liable for the acts of their employees." *Id.* (*quoting Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). In other words, liability against such an entity may not be established by the *respondeat superior* doctrine, but instead must be founded upon evidence indicating the government itself supported a violation of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *see also Bielevicz v. Dubinon,* 915 F.2d 845, 849–50 (3d Cir. 1990) ("municipal liability attaches only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly

be said to represent official policy, inflicts the injury.' ") (*quoting Monell*, 436 U.S. at 694).

In order to establish municipal liability a plaintiff must prove that "action pursuant to official municipal policy caused the deprivation" of a federal right. *Connick,* 563 U.S. at 60 (*quoting Monell,* 436 U.S. at 691). Official municipal policy includes formal policy, acts of official policymakers and "practices so persistent and widespread as to have the force of law." *Id.* (collecting cases); *accord Kelly v. Borough of Carlisle,* 622 F.3d 248, 263 (3d Cir. 2010) (To rise to the level of a policy, a custom or practice must be "so permanent and well settled as to virtually constitute law."). "These are 'actions for which the municipality is actually responsible.' " *Connick*, 563 U.S. at 61 (*quoting Pembaur*, 475 U.S. at 479–80).

Proving a government policy or custom can be accomplished in a number of ways. *Bielevicz,* 915 F.2d at 850. "Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990) (q*uoting Pembaur*, 475 U.S. at 481).  Custom, in contrast, can be proven by demonstrating that a given course of conduct, although not specifically endorsed or authorized by state or local law, is so well-settled and permanent as virtually to constitute law. Id. (*citing Fletcher v. O'Donnell*, 867 F.2d

12

791, 793–94 (3d Cir.) ("Custom may be established by proof of knowledge and acquiescence."), cert. denied, 492 U.S. 919 (1989)).

Here, Plaintiffs have alleged that only the District's administrators and employees had actual knowledge that "football players, when left alone behaved in a manner which caused physical harm to each other." (ECF 1, ¶ 23) Initially, it is important to note that the alleged conduct for which the District's administrators had knowledge is not a violation of Plaintiffs' constitutional rights, as discussed *supra*. Nevertheless, knowledge of the alleged misconduct is by Plaintiffs' own allegations limited to the District's Administrators as knowledge by employees cannot be imputed to the District. Predicating liability solely on the knowledge and inactions of these individuals would be nothing more than a thinly veiled application of vicarious liability pursuant to the *respondeat superior* doctrine.  It has been clearly established that liability against the District cannot proceed on this basis.

Additionally, the identified "customs" and "practices" are not proper grounds for advancing a claim at the pleading stage.  As the Third Circuit has repeatedly reiterated, in reviewing the sufficiency of a complaint pursuant to a motion to dismiss, a court is to "identify those allegations that, being merely conclusory, are not entitled to the presumption of truth." *Connelly v. Lane Construction Corp.,* 809 F.3d 780, 789 (3d Cir. 2016). A distinction is to be drawn "between legal conclusions, which are discounted in the analysis, and allegations of historical fact,

which are assumed to be true even if 'unrealistic or nonsensical,' 'chimerical,' or 'extravagantly fanciful.' " *Id.* (*citing Iqbal*, 556 U.S. at 681). In other words, outlandish allegations of historical fact are entitled to "a presumption of truth except to the extent they resembled a 'formulaic recitation of the elements of a...claim' or other legal conclusion." *Id.* at 790.   The allegations that the District had unconstitutional customs and/or policies, including failing to respond to male-on-male sexual assault, failing to enforce existing policies and failing to train employees (ECF 1, ¶¶ 173, 185) are not entitled to a presumption of truth. *Cf. id.* (Of course, "the clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point.") (*citing Peñalbert–Rosa v. Fortuño–Burset*, 631 F.3d 592, 595 (1st Cir. 2011)).

Therefore, the alleged facts and any inferences drawn therefrom fail to identify an official declaration, proclamation or edict that was adopted by the board. Thus, an act adopting or setting forth an official policy by the board has not been identified.  Plaintiffs likewise have failed to aver facts that would support a finding of the existence of a custom or policy. Such informal practices must be so widespread, persistent and well-settled as to constitute a virtual reflection of law. The inability to control the harassment and bullying allegedly perpetrated on Plaintiffs, reflects an isolated incident involving two students and thus lacks the permanency, uniformity and broad application inherent in a municipal custom or practice that has

assumed the force of law. *See S.K. v. N. Allegheny Sch. Dist.,* 168 F. Supp. 3d 786, 815 (W.D. Pa. 2016). Accordingly, the Section 1983 claims against the District must be dismissed.

### D. The Complaint fails to set forth a viable Title IX claim against the District.

The Complaint purports to set forth multiple claims against the District for violations of the Title IX. They will be evaluated as a whole given that there is no viable Title IX claim, whether analyzed independently or collectively, against the District upon which relief can be granted. The facts, when accepted as true for purposes of Defendants' Motion to Dismiss, do not amount to deliberate indifference to the rights of Plaintiffs.

Title IX provides in relevant part: "No person in the United States shall, on the basis of sex, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a). The Supreme Court has held "that Title IX is ... enforceable through an implied private right of action." *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 281 (1998). Naturally, Title IX does not apply unless the alleged harassment is sexual in nature. *See* 20 U.S.C. § 1681(a) ("on the basis of sex"). However, if it is, the law is clear that a Title IX claim can only hold a school accountable for its "own misconduct" and strict liability for its employees does not apply. *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 640 (1999). The Court in

15

*Davis* plainly established a five-prong test that needs to be satisfied by a plaintiff alleging a Title IX claim against a school arising from student-on-student harassment. *Id.*

First, the school must have "exercised substantial control over both the harasser and the context in which the known harassment occurred." *Id.* at 645. Second, the plaintiff must have suffered harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school." *Id.* at 650.  Third, a school official with "authority to address the alleged discrimination and to institute corrective measures on the school's behalf" must have had "actual knowledge" of the harassment. *Id.*  Fourth, the school must have acted with "deliberate indifference" to the harassment, such that the school's "response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances." *Id.* at 648.  Fifth, the school's deliberate indifference must have "subjected the plaintiff to harassment." *Id.* at 644.  Put differently, the school must have "caused the plaintiff to undergo harassment or made the plaintiff liable or vulnerable to it." *Id.* at 645.

In *Doe v. Princeton Univ.*, the plaintiff claimed that Princeton was deliberately indifferent to his complaints of sexual assault against Student X. *Doe v. Princeton Univ.*, 790 F. App'x 379, 384–85 (3d Cir. 2019) (unpublished). The plaintiff's claim, as are the claims here, was predicated on his view that there were

16

procedural flaws in the investigative process. *Id.* at 385. Doe alleged that the panel acted improperly by, among other things, meeting with Student X twice before meeting with Doe, not interviewing all of Doe's witnesses, obtaining information about Doe's previous sexual history, and giving Student X the opportunity to "submit new evidence" during the panel's deliberation phase. *Id.* During the panel's investigation and deliberation, Princeton "banned" Doe "from attending" the religious community center and declined to provide Doe with a no-contact order against Student X's friends who were harassing the plaintiff with name-calling. *Id.* Doe contacted clergy and student services administrators (including panel members) regarding his suicidal behavior but none of these individuals took any action. *Id.* Despite all allegations, the Court ruled that the complaint and documents integral exhibited that Princeton investigated and adjudicated the plaintiff's claims. The Court stated "We cannot say that any of the alleged flaws rendered Princeton's response "clearly unreasonable." *Id.* Thus, the Third Circuit affirmed dismissal of the complaint.

The same result must be applied here because the District acted reasonably in response to the report of the alleged sexual assault based upon the following allegations of the Complaint:

- A.M. was interviewed by the Tamaqua Borough Police Department the night of the incident. (ECF 1, ¶ 46).

- On November 5, 2021, Defendant McCabe showed Plaintiffs S.K. and T.K. security footage from the school cafeteria prior to the alleged assault.  (ECF 1, ¶¶ 48-51).

- T.K. provide a written statement to Defendant McCabe pursuant to McCabe's written request for same. (ECF 1, ¶ 52).

- On November 5, 2021, McCabe advised S.M. that the District would conduct interviews related to the alleged incident.  (ECF 1, ¶ 56).

- On November 11, 2021, A.M. provided Defendant Toth with the written statement that he provided to the Police Department.  (ECF 1, ¶ 47).

- The District held disciplinary hearings for two of the students who were alleged perpetrators of the assault of A.M. on November 16 and 18, 2021.  (ECF 1, ¶¶ 62, 66).

- On November 22, 2021, the Tamaqua Area School Board held a special meeting regarding the alleged assaults. (ECF 1, ¶ 78) (there are no allegations that students were <u>not</u> disciplined as a result of the incident).

- On November 23, 2021, despite there being no basis to do so, S.M. requested that Defendant Kinder recuse himself from any further involvement in the investigation.  (ECF 1, ¶ 84).

- Kinder agreed to recuse himself to the extent that he could as Superintendent. (ECF 1, ¶ 85).

- On November 23, 2021, Defendants Toth and McCabe had a meeting with S.M. and A.M. (ECF 1, ¶ 86).

The District unequivocally acted reasonably in response to the report of the alleged assault. The District involved the police in its investigation immediately, interviewed and investigated witnesses, and held disciplinary hearings for the students involved. The fact that the Plaintiffs were not allowed to attend or testify at the hearings does not amount to the District acting with "deliberate indifference" to the report of sexual assault. *Doe, supra*. The District promptly investigated the claims without delay, including obtaining confessions from assailants and reviewing video with Plaintiffs regarding the students' behavior immediately prior to the alleged assault. Thus, the District's actions, even when drawing inferences in favor of Plaintiffs with respect to any alleged flaws in the investigation process, were reasonable and do not amount to the "deliberate indifference" needed to prevail on a Title IX claim. Thus, Plaintiffs' Title IX claims must be dismissed in their entirety.

### E. The Complaint fails to set forth a viable claim for Title IX Retaliation.

Count 3 of the Complaint attempts to set forth a claim for Title IX Retaliation. The allegations support this claim are apparently the same as those supporting Plaintiffs' Title IX claims. Specifically, the Complaint alleges that "defendants"

19

retaliated against A.M. by discrediting him, refusing to investigate the alleged assault, refusing to institute corrective action, creating a hostile educational environment.  There are no allegations as to which Defendant took which action to retaliate against A.M.

A Title IX retaliation claim requires a plaintiff to: (1) allege that he "engaged in activity protected by Title IX; (2) "suffered an adverse action"; and, (3) establish "a causal connection between the two*." Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006).  The Supreme Court has ruled the retaliatory conduct must be "materially adverse" to be actionable. *Id*. Meaning, it must suffice to "dissuade a reasonable person from making or supporting a charge of discrimination." *Id.*

The allegations of the Complaint cannot support a claim for Title IX Retaliation.  First, there is no actionable conduct specifically attributed to any Defendant from which liability against the District under Title IX could arise.  There are likewise no allegations sufficient to establish the causation prong of such a claim, i.e. that conduct of A.M. reporting the alleged assault specifically caused the District to act in a manner that caused further harm to A.M.  Since the allegations amount to mere threadbare recitals of the elements necessary for a viable Title IX Retaliation claim, the claim must be dismissed pursuant to *Iqbal* and *Twombly*.

Accordingly, the Complaint fails to set forth a viable claim under federal law for which the law provides recovery.  As such, Defendants respectfully request that

the Court decline to exercise supplemental jurisdiction over the Negligence claims arising under Pennsylvania law.  *See* 28 U.S.C. § 1367(c)(3) (a Court will ordinarily decline to exercise supplemental jurisdiction if the Court has dismissed all the claims over which the Court possesses original jurisdiction.  *Mesadieu v. City of Linden*, 791 F. App'x 294, 296 (3d Cir. 2020)).

## V.   <u>CONCLUSION</u>

For the good and sound reasons advanced hereinabove, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and decline to exercise supplemental jurisdiction over the state law claims set forth in the Complaint.

Respectfully Submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>May 17, 2022</u>   By: <u>/s/ Gary H. Dadamo</u>
   Gary H. Dadamo, Atty. I.D. #93292
   331 E. Butler Avenue, P. O. Box 5069
   New Britain, Pennsylvania  18901
   (215) 345-9111 – Office
   gdadamo@sweetstevens.com
   Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **S.M. as father and natural guardian** | : | **CIVIL ACTION - LAW** |
| **of A.M., a minor, and** | : | |
| **S.K. as father and natural guardian of** | : | |
| **T.K., a minor** | : | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TAMAQUA AREA SCHOOL** | : | |
| **DISTRICT, RAYMOND KINDER,** | : | |
| **STEVEN TOTH, THOMAS MCCABE,** | : | **No. 3:22-CV-00525-JFS** |
| **LARRY WITTIG, NICHOLAS BOYLE,** | : | |
| **MELANIE DILLMAN, THOMAS** | : | |
| **BARTASAVAGE, BRYAN MILLER,** | : | |
| **MARK ROTHER, THOMAS ROTTET,** | : | |
| **DANIEL SCHOENER, AND TRINA** | : | |
| **SCHELLHAMMER,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF COMPLIANCE

Undersigned counsel for Defendants hereby certifies that the Defendants'

Brief in Support of their Motion to Dismiss Plaintiff's Complaint complies with the

word-count limit described in Local Rule 7.8(b)(2).  The word count feature of MS

Word was used to calculate the number of words to be 4,837.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>May 17, 2022</u>        By: <u>/s/ Gary H. Dadamo</u>
                        Gary H. Dadamo, Atty. I.D. #93292
                        331 E. Butler Avenue, P. O. Box 5069
                        New Britain, Pennsylvania  18901
                        (215) 345-9111 – Office
                        gdadamo@sweetstevens.com
                        Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.M. as father and natural guardian | : | **CIVIL ACTION - LAW** |
| of A.M., a minor, and | : | |
| S.K. as father and natural guardian of | : | |
| T.K., a minor | : | **JURY TRIAL DEMANDED** |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **TAMAQUA AREA SCHOOL** | : | |
| **DISTRICT, RAYMOND KINDER,** | : | |
| **STEVEN TOTH, THOMAS MCCABE,** | : | **No. 3:22-CV-00525-JFS** |
| **LARRY WITTIG, NICHOLAS BOYLE,** | : | |
| **MELANIE DILLMAN, THOMAS** | : | |
| **BARTASAVAGE, BRYAN MILLER,** | : | |
| **MARK ROTHER, THOMAS ROTTET,** | : | |
| **DANIEL SCHOENER, AND TRINA** | : | |
| **SCHELLHAMMER,** | : | |
|     Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Gary H. Dadamo, Esquire, counsel for the Defendants, hereby certify that a true and correct copy of the foregoing Defendants' Brief in Support of their Motion to Dismiss Plaintiffs' Complaint was served through the Court's ECF filing system upon counsel of record.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>May 17, 2022</u>    By: <u>/s/ Gary H. Dadamo</u>
                                    Gary H. Dadamo, Atty. I.D. #93292
                                    331 E. Butler Avenue, P. O. Box 5069
                                    New Britain, Pennsylvania 18901
                                    (215) 345-9111 – Office
                                    gdadamo@sweetstevens.com
                                    Counsel for Defendants