### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.M. as father and natural guardian | : | **CIVIL ACTION - LAW** |
| of A.M., a minor, and | : | |
| S.K. as father and natural guardian of | : | |
| T.K., a minor | : | **JURY TRIAL DEMANDED** |
|    Plaintiffs, | : | |
| | : | |
|  -against- | : | |
| | : | |
| **TAMAQUA AREA SCHOOL** | : | |
| **DISTRICT, RAYMOND KINDER,** | : | |
| **STEVEN TOTH, THOMAS MCCABE,** | : | No. 3:22-CV-00525-JFS |
| **LARRY WITTIG, NICHOLAS BOYLE,** | : | |
| **MELANIE DILLMAN, THOMAS** | : | |
| **BARTASAVAGE, BRYAN MILLER,** | : | |
| **MARK ROTHER, THOMAS ROTTET,** | : | |
| **DANIEL SCHOENER, AND TRINA** | : | |
| **SCHELLHAMMER,** | : | |
|    Defendants. | : | |

### DEFENDANTS' ANSWER TO COMPLAINT
### WITH AFFIRMATIVE DEFENSES

AND NOW, come Defendants, Tamaqua Area School District, Raymond
Kinder, Steven Toth, Thomas McCabe, Larry Wittig, Nicholas Boyle, Melanie
Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel
Schoener and Trina Schellhammer, by and through their attorneys, Sweet, Stevens,
Katz & Williams LLP, and hereby respond to the Complaint with the following
responses and defenses:

<u>JURISDICTION AND VENUE</u>

1. Denied.  No response is necessary.  The averments of this paragraph are also conclusions of law to which no response is necessary.

2. Denied.  The averments of this paragraph are also conclusions of law to which no response is necessary.

3. Admitted.

<u>THE PARTIES</u>

4. Admitted upon information and belief.

5. Denied as stated.  Tamaqua Area School District is a public school district in Schuylkill County, Pennsylvania.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.  Rottet was a member of the School Board.

16. Admitted.

17. Admitted.

FACTS

18. Admitted upon information and belief.

19. Denied as stated.  The structure is one-story with a basement and is across the street from Tamaqua Area High School.

20. Admitted.

21. Denied as stated.  Freshman and sophomores generally have lockers on the lower level and juniors and seniors have lockers on the upper level.

22. Denied.  By way of further response, the football players are advised by the football coaches at the beginning of each football season that they are prohibited from being in the Football House unless a coach is present.

23. Denied.  It is denied that football players are left unsupervised in the Football House and that they behave in a manner which causes physical harm to each other. By way of further response, therefore, none of the Defendants had any knowledge of any such activity.

24. Denied.  The football team does not maintain any tradition as described in this paragraph.  Defendants have no knowledge of any prior incidents involving any alleged assault at the Football House.

25. Denied.  None of these terms were known to any Defendant or any of the football coaches prior to this incident.

26. Denied.  By way of further response, to the extent that it occurred, N.M. never notified any District employee or football coach of any alleged incident at any time.

27. Admitted in part.  Denied in part.  It is denied in Footnote 4 that the alleged incident constitutes a sexual assault.  The averments of this paragraph are otherwise admitted.

28. Admitted in part.  Denied in part.  It is admitted only that the football coaches directed younger players to assist in carrying water and/or Gatorade to the Football House.  It is denied that the Football House was unsupervised and that there were sexual assaulters waiting there.

29. Admitted upon information and belief.

30. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

31. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

32. Denied. After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

33. Denied. After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant. By way of further response, A.M. and/or S.M. initially reported to Defendants that it was dark during the incident.

34. Denied. After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant. By way of further response, A.M. and/or S.M. made inconsistent statements regarding L.K.'s involvement in the incident. Additionally, another player, W.S., admitted that he hit A.M. in the face with football equipment during the incident and was criminally charged as a result.

35. Denied. After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

36. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

37. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

38. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant. By way of further response, all football players, including Plaintiffs, were aware that they were not permitted to be in the Football House without a football coach.

39. Admitted in part.  Denied in part.  It is admitted only that T.K.'s bag was taken from him during dinner and brought to the Football House.  The remaining averments of this paragraph are denied in that, after reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations, and the same are therefore denied, with strict proof demanded if relevant.

40. Denied.  It is denied that A.M. was sexually assaulted.  The remaining averments of this paragraph are denied in that, after reasonable

investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

41. Denied.  It is denied that A.M. was sexually assaulted.  The remaining averments of this paragraph are denied in that, after reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

42. Admitted in part.  Denied in part.  It is admitted only that S.M. contacted Mike Hromyak and requested the cell phone number for Sam Bonner.  The remaining averments of this paragraph are denied.

43. Denied as stated.  S.M. attempted to contact Coach Bonner to report the alleged incident involving A.M.

44. Denied as stated.  S.M. called Boyle to report the incident involving A.M. and Boyle indicated that he would make contact with District Administration.

45. Denied as stated.  S.M. spoke with Tom McCabe and reported the incident involving A.M.  By way of further response, S.M. did not indicate at that time that the assault was sexual in nature.

46. Admitted.

47. Admitted.

48. Denied as stated.  It is denied that either Plaintiff was sexually assaulted. T.K. visited McCabe's office the day after the incident, but McCabe was not available at that time.  By way of further response, there was no report at that time that T.K. had been assaulted in any manner during the incident.

49. Denied.  McCabe was not available to meet with T.K. when T.K. attempted to meet with him.  By way of further response, there was no report at that time that T.K. had been assaulted in any manner during the incident.

50. Denied as stated.  T.K. and his father went to McCabe's office after school on November 5, 2021.  By way of further response, neither T.K. nor S.K. represented that T.K. was sexually assaulted during the incident at the meeting.

51. Admitted in part.  Denied in part.  It is admitted only that the video showed that T.K.'s bag was taken from him during dinner by other football players and those players were identified and subsequently disciplined.  The remaining averments of this paragraph are denied in that, after reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations, and the same are therefore denied, with strict proof demanded if relevant.

52. Admitted.

53. Denied.  T.K. was offered counseling services and he denied the offer.

54. Denied.   By Plaintiffs' own allegations, S.K. had contact with Superintendent Kinder after the incident occurred.

55. Denied.  The incident was reported the same day of the incident to local law enforcement.   Additionally, the District conducted its own investigation which resulted in three (3) players admitting to their conduct in the alleged incident.  The players were all disciplined as a result of their involvement.  There was no sexual assault of T.K. and no criminal charges were brought against any player for any assault of T.K., sexual or otherwise.

56. Admitted.  By way of further response, no player has admitted to sexually assaulting either A.M. or T.K. and no criminal charges were ever brought by local law enforcement against any player for any alleged sexual assault during the incident.

57. Denied as stated.  Wittig's comments are taken out of context and the same are therefore denied.  By way of further response, Wittig never made any comments that either A.M. or T.K. were sexually assaulted.

58. Denied as stated.  A disciplinary hearing was scheduled and held, but the player admitted to his involvement in the incident, and therefore, it was unnecessary to take any evidence.

59. Denied as stated.  S.M. and A.M. appeared and were sequestered by District Administration to the extent that they would be called as witnesses. It is denied that S.M. and/or A.M. had any "right" to be present for the hearing.  By way of further response, S.M. and/or A.M. wanted to testify on behalf of the assailant, W.S., and did so despite W.S. admitting to his involvement.

60. Denied.   Superintendent Kinder advised S.M. and A.M. that their testimony was not necessary given that the player, W.S., admitted to his involvement in the incident.

61. Denied.

62. Denied.  A disciplinary hearing was scheduled and held, but the player admitted to his involvement in the incident, and therefore, it was unnecessary to take any evidence.  It is also denied that A.M. was sexually assaulted as no such criminal charges were brought against any player for same arising from the alleged incident.

63. Denied as stated.  S.M. and/or A.M. never requested to attend the hearing. It is denied that S.M. and/or A.M. had any "right" to be present for the hearing.

64. Denied.    Superintendent Kinder advised S.M. and A.M. that their testimony was not necessary given that the player, Z.M., admitted to his involvement in the incident.

65. Denied.    Superintendent Kinder advised S.M. and A.M. that their testimony was not necessary given that the player, Z.M., admitted to his involvement in the incident.  By way of further response, A.M. does not have a "right" to know the outcome of the disciplinary hearing for another student.

66. Denied.  A disciplinary hearing was scheduled and held, but the player did not contest his involvement in the incident, and therefore, it was unnecessary to take any evidence.

67. Admitted.  By way of further response, Superintendent Kinder advised S.M. and A.M. that their testimony was not necessary given that the player, T.O., did not contest his involvement in the incident.

68. Denied.  A disciplinary hearing was scheduled and held, but the player did not contest his involvement in the incident, and therefore, it was unnecessary to take any evidence.  Superintendent Kinder advised S.M.

and A.M. that their appearance was not necessary and that no witnesses would be testifying at the scheduled hearing.

69. Denied.  A disciplinary hearing was scheduled and held, but the player did not contest his involvement in the incident, and therefore, it was unnecessary to take any evidence.  Superintendent Kinder advised S.M. and A.M. that their appearance was not necessary and that no witnesses would be testifying at the scheduled hearing.

70. Denied.  Superintendent Kinder advised S.M. and A.M. that their appearance was not necessary and that no witnesses would be testifying at the scheduled hearing.  S.M. and A.M. never asked to testify at the hearing after being advised that their testimony was not necessary.

71. Denied.  Superintendent Kinder advised S.M. and A.M. that their appearance was not necessary and that no witnesses would be testifying at the scheduled hearing.  S.M. and A.M. never asked to testify at the hearing after being advised that their testimony was not necessary.

72. Denied as stated.  It is denied that Z.M. and T.O. sexually assaulted either A.M. or T.K.  Z.M. and T.O. were permitted to remain enrolled at the District, but they were expelled and reclassified for virtual learning for the remainder of their academic career. By way of further response, T.K.

remained on the football team following the incident. The remaining averments of this paragraph are denied.

73. Denied as stated. The players allegedly involved in the incident each admitted to or did not contest their involvement such that no input from either S.M. or A.M. was necessary. By way of further response, the students involved in the incident received the most severe discipline possible.

74. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

75. Denied. Toth and/or McCabe never advised S.M. of the specific discipline received by L.K. By way of further response, there were inconsistent statements provided by the players regarding L.K.'s involvement, if any, in the incident. Additionally, the third football player confirmed to be involved in the incident is W.S.

76. Denied. L.K. was initially suspended as a result of his alleged involvement in the incident. However, as a result of the inconsistent statements provided by witnesses and L.K.'s denial of any involvement, it could not be concluded that he assaulted either A.M. or T.K. Therefore, L.K. was permitted to return to school.

77. Denied.  There were no efforts undertaken by any Defendant to protect any student allegedly involved in the incident, including L.K.

78. Denied as stated.  There was a Board meeting held regarding the discipline of Z.M. and T.O.  It is specifically denied that either A.M. or T.K. were sexually assaulted.  No criminal charges for sexual assault were brought by local law enforcement against any player allegedly involved in the incident.

79. Denied.  Superintendent Kinder offered S.M. and S.K. separate rooms to confer as needed.

80. Denied as stated.  Superintendent Kinder offered S.M. and S.K. separate rooms to confer as needed.

81. Denied.

82. Denied.  No testimony was taken from any witnesses at either hearing and there was no mention of any banana during those proceedings.

83. Denied.   By way of further response, A.M. provided inconsistent statements regarding the incident.

84. Denied as stated.   S.M. sent such an email, but it is denied that Superintendent Kinder had any conflict requiring him to "recuse" himself from any further involvement.

85. Admitted.

86. Admitted in part. Denied in part. It is admitted that S.M. advised Toth and McCabe that they could only speak with A.M. about the incident if he is present. The remaining averments of this paragraph are denied.

87. Admitted in part. Denied in part. It is denied that there was a cover up of the incident and, therefore, it is also denied that there was any conspiracy as alleged. Local law enforcement was contacted on the date of the incident and, upon information and belief, conducted a full investigation. It is admitted only that Wittig denied that a sexual assault took place, which was confirmed when no sexual assault charges were filed against any player.

88. Admitted. Wittig was merely advising community members that they should be careful about spreading false information that either A.M. or T.K. was sexually assaulted and that there was a cover up of the incident.

89. Denied. It is denied that Defendants protected any of the students involved in the incident and that school became an increasingly hostile environment for A.M. and N.M.

90. Denied. After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant.

By way of further response, no incidents of routine bullying or statements as alleged were reported to any Defendant.

91. Denied as stated.  S.M. reported an incident of alleged bullying of N.M. only which was investigated and addressed by District Administration.

92. Denied.  By way of further response, District Administration fully investigated the alleged conduct and discipline was imposed on the offending student as a result.

93. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this paragraph, and the same are therefore denied, with strict proof demanded if relevant. By way of further response, no incident as alleged in this paragraph were reported to any Defendant.

94. Admitted in part.  Denied in part.  It is admitted only that A.M. was on the wrestling team in January 2022.  The remaining averments of this paragraph are denied as stated.  A wrestler on the team, who has special needs, made a comment to A.M. about a banana during practice after A.M. made a derogatory statement to the student.  The wrestler was disciplined as a result of the incident.

95. Denied.  There was no attack.  The remaining averments of this paragraph are denied in that, after reasonable investigation, Defendants are without

sufficient knowledge to determine the veracity of said allegations, and the same are therefore denied, with strict proof demanded if relevant.

96. Admitted.

97. Admitted in part. Denied in part.  It is admitted only that S.M. reported the comment made to A.M. during wrestling practice and that A.M. withdrew from the District shortly thereafter.  It is denied that A.M. was sexually assaulted at any time by any student while on the football team or wrestling team.

98. Denied.  After reasonable investigation, Defendants are without sufficient knowledge to determine the veracity of the allegations of this Paragraph, and the same are therefore denied, with strict proof demanded if relevant.

99. Denied.  By way of further response, the special needs student who made the comment referencing a banana to A.M. received the highest level of discipline permitted for a student with special needs.

100.   Denied.   By way of further response, neither A.M. nor T.K. were sexually assaulted.

101.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  By way of further response, neither A.M. nor T.K. were sexually assaulted.

102.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  By way of further response, neither A.M. nor T.K. were sexually assaulted.

103.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  By way of further response, neither A.M. nor T.K. were sexually assaulted. Additionally, there was no cover up as local law enforcement were notified of the incident on the day that it occurred.  Moreover, the "assaulters" admitted to their involvement in the incident and were properly disciplined.

104.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

<u>COUNT ONE</u>
**Deliberate Indifference to Report of Sexual Assault/Harassment**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.M. for A.M. v. Tamaqua Area School District)

105.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 104 hereinabove as though fully set forth herein.

106.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. By way of further response, A.M. was not sexually assaulted.

107.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. By way of further response, A.M. was not sexually assaulted.

108.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. By way of further response, A.M. was not sexually assaulted.

109.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. By way of further response, A.M. was not sexually assaulted.  To the extent a response is deemed necessary:

   a.  Denied.  By way of further response, the District's Title IX Coordinator was aware of the alleged incident.

   b.  Denied.  By way of further response, A.M. was offered counseling services and A.M. declined the offer.

   c.  Denied.  By way of further response, the incident was investigated by the District and local law enforcement and both investigations resulted in no findings that a sexual assault occurred.

d. Denied.  By way of further response, local law enforcement was immediately involved following the incident.

e. Denied.  By way of further response, A.M. was not sexually assaulted and no criminal charges were filed against any player alleging same.

f. Denied.  By way of further response, no such assault or harassment has been tolerated.  The three students involved were all disciplined by the District and criminal charges were also filed against Z.M.

g. Denied.  By way of further response, the only alleged incident following the incident at the Football House was investigated and resulted in imposition of the highest level of discipline permitted against the offending student.

h. Denied.  By way of further response, employees of the District have completed training required by law.

110.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

111.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

112.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT TWO

**Deliberate Indifference to Report of Sexual Assault/Harassment**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.K. for T.K. v. Tamaqua Area School District)

113.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 112 hereinabove as though fully set forth herein.

114.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

115.   Denied.  By way of further response, T.K. was not sexually assaulted and remained a player on the football team following the incident.

116.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph

are denied.  By way of further response, T.K. was not sexually assaulted and remained a player on the football team following the incident.

117.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  By way of further response, T.K. was not sexually assaulted.  To the extent a response is deemed necessary:

    a.  Denied.   By way of further response, the District's Title IX Coordinator was aware of the alleged incident.

    b.  Denied.  By way of further response, T.K. was offered counseling services and he declined the offer.

    c.  Denied.  By way of further response, the incident was investigated by the District and local law enforcement and both investigations resulted in no findings that a sexual assault occurred.

    d.  Denied.  By way of further response, local law enforcement was immediately involved following the incident.

    e.  Denied.  By way of further response, T.K. was not sexually assaulted and no criminal charges were filed against any player alleging same.

    f.  Denied.  By way of further response, no such assault or harassment has been tolerated.  The three students involved were all disciplined by the District and criminal charges were also filed against Z.M.

g. Denied.  By way of further response, the only alleged incident following the incident at the Football House was investigated and resulted in imposition of the highest level of discipline permitted against the offending student.

h. Denied.  By way of further response, employees of the District have completed training required by law.

118.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.  By way of further response, T.K. was not sexually assaulted and remained a player on the football team following the incident.

119.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.  By way of further response, T.K. was not sexually assaulted and remained a player on the football team following the incident.

<u>COUNT THREE</u>
**Retaliation Following Report of Sexual Assault**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.M. for A.M. v. Tamaqua Area School District)

120.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 119 hereinabove as though fully set forth herein.

121.   Admitted in part.  Denied in part.  It is admitted that S.M. reported the incident to certain Defendants as alleged herein above.  It is denied that there was a sexual assault of A.M. and that the District agents and employees had actual knowledge that a sexual assault occurred when the incident was reported by S.M.

122.   (a)-(d).  Denied.   Denied.  The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

123.   Denied.  The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

-24-

<u>COUNT FOUR</u>
**Deliberate Indifference to Reports of Retaliatory Harassment**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.M. for A.M. v. Tamaqua Area School District)

124.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 123 hereinabove as though fully set forth herein.

125.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

126.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

127.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

128.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

129. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

130. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

131. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

132. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

<u>COUNT FIVE</u>

**Deliberate Indifference to Reports of Retaliatory Harassment Resulting in Second, Attempted Sexual Assault**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.M. for A.M. v. Tamaqua Area School District)

133. Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 132 hereinabove as though fully set forth herein.

134. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

135. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

136. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

137. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT SIX
**Deliberate Indifference to Right to Unbiased Treatment**
in violation of Title IX, 20 U.S.C. § 1681, *et seq.*
(S.M. for A.M. v. Tamaqua Area School District)

138.  Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 137 hereinabove as though fully set forth herein.

139.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

140.  (a)-(d). Denied.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

141.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

142.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

143.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT SEVEN<br>
<strong>Deliberate Indifference to Right to Unbiased Treatment</strong><br>
in violation of Title IX, 20 U.S.C. § 1681, <em>et seq.</em><br>
(S.K. for T.K. v. Tamaqua Area School District)

144.   Defendants hereby incorporate by reference their responses and averments in Paragraphs 1 through 143 hereinabove as though fully set forth herein.

145.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

146.   (a)-(c).  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To

the extent that a response is deemed necessary, the averments of this paragraph are denied.

147.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

148.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

149.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT EIGHT
**Equal Protection**
in violation of 42 U.S.C. § 1983
(S.M. for A.M. v. Individual Defendants)

150.   Defendants hereby incorporate by reference their responses and averments in Paragraphs 1 through 149 hereinabove as though fully set forth herein.

151.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

152.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

153.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

154.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

155.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

156.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

157.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

158.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

159.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

160.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

<u>COUNT NINE</u>
**Equal Protection**
in violation of 42 U.S.C. § 1983
(S.K. for T.K. v. Individual Defendants)

161.  Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 160 hereinabove as though fully set forth herein.

162.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

163.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

164.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

165.  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

166.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

167.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

168.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

169.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

170.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

171.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT TEN
**Equal Protection**
in violation of 42 U.S.C. § 1983
(S.M. for A.M. v. Individual Defendants)

172.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 171 hereinabove as though fully set forth herein.

173.   (a)-(c).  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

174.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

175. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

176. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

177. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

178. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

179. Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied. To the extent that a response is deemed necessary, the averments of this paragraph are denied.

180.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

181.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

182.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

183.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT ELEVEN
**Equal Protection**
in violation of 42 U.S.C. § 1983
(S.K. for T.K. v. Individual Defendants)

184.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 183 hereinabove as though fully set forth herein.

185.   (a)-(c).  Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

186.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

187.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

188.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

189.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

190.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

191.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

192.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

193.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

194.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT TWELVE
**Negligence: the First Sexual Assault**
(S.M. for A.M. v. Tamaqua Area School District)

195.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 194 hereinabove as though fully set forth herein.

196.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

197.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

198.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

199.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

200.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

201.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

COUNT THIRTEEN
**Negligence: the Second Sexual Assault**
(S.M. for A.M. v. Tamaqua Area School District)

202.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 201 hereinabove as though fully set forth herein.

203.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

204.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

205.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

206.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

207.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

208.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

<u>COUNT FOURTEEN</u>
**Negligence**
(S.K. for T.K. v. Tamaqua Area School District)

209.   Defendants hereby incorporate by reference their responses and averments in paragraphs 1 through 208 hereinabove as though fully set forth herein.

210.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

211.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

212.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the

extent that a response is deemed necessary, the averments of this paragraph are denied.

213.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

214.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

215.   Denied. The averments of this paragraph are conclusions of law to which no response is necessary and the same are therefore denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

WHEREFORE, Defendants, Tamaqua Area School District, Raymond Kinder, Steven Toth, Thomas McCabe, Larry Wittig, Nicholas Boyle, Melanie Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel Schoener and Trina Schellhammer, demand that the Complaint against them be dismissed, and that they be awarded all costs and fees as permitted by law.

## AFFIRMATIVE DEFENSES

AND NOW, comes the Defendants, by and through their attorneys, Sweet, Stevens, Katz & Williams LLP, to present the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action and claim for relief against Defendants upon which relief may be granted as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Neither Plaintiff T.K. nor A.M. was sexually assaulted during the incident.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the recovery of compensatory damages for emotional distress as to any and all of the Title IX claims as a matter of law. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 212 L. Ed. 2d 552, *reh'g denied*, 142 S. Ct. 2853, 213 L. Ed. 2d 1081 (2022).

## FOURTH AFFIRMATIVE DEFENSE

There was no cover up of the alleged incident because it was reported to local law enforcement the same day and investigations were conducted by both local law enforcement and the District.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any actual, compensable damages.  In fact, Plaintiff T.K. continues playing for the football team.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of punitive damages, compensatory damages, consequential damages, pre or post judgment interest, declaratory relief, equitable relief, or the recovery of attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

No custom, practice, or policy of the District violated any constitutional rights of Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

No Defendant had any knowledge of any prior assault of a football player prior to the alleged incident.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert all rights and defenses which may be available to them under 42 U.S.C. §§1981-1988 and other applicable law.

## TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity from Plaintiffs' claims arising under Pennsylvania law pursuant to the Pennsylvania Political Subdivision Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' actions and conduct were not malicious at all relevant times.

## TWELFTH AFFIRMATIVE DEFENSE

The players who were involved in the incident at the Football House admitted to their involvement and were all disciplined as a result.

## THIRTEENTH AFFIRMATIVE DEFENSE

There was no "second sexual assault." A student with special needs made a comment to A.M. during wrestling practice and was disciplined as a result.

## FOURTEENTH AFFIRMATIVE DEFENSE

The District acted clearly reasonably in its investigation following the incident at the Football House.

## FIFTEENTH AFFIRMATIVE DEFENSE

Individual Defendants did not have the requisite personal involvement in the alleged violations of Plaintiffs' rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

No criminal charges for sexual assault were filed against any student involved in the incident at the Football House.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff was deprived of educational opportunities or benefits.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged incident was not severe or pervasive as a matter of law.  At most, the incident amounted to an isolated incident of simple assault as charged by local law enforcement against Z.M.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants were not deliberately indifferent and did not discriminate against either Plaintiff as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

No similarly situated student of a different gender or sex was treated differently by any Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover damages for any violations of the administrative requirements of Title IX as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No Defendant retaliated against either Plaintiff as a result of the incident or for any other reason at any time.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs were offered counseling services by the District following the incident and the same were declined.

## <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

To the extent that discovery reveals relevance of same, Defendants hereby incorporate by reference the affirmative defenses set forth in Rule 1030(a), Pennsylvania Rules of Civil Procedure.

WHEREFORE, Defendants, Tamaqua Area School District, Raymond Kinder, Steven Toth, Thomas McCabe, Larry Wittig, Nicholas Boyle, Melanie Dillman, Thomas Bartasavage, Bryan Miller, Mark Rother, Thomas Rottet, Daniel Schoener and Trina Schellhammer, demand that the Complaint against them be dismissed, and that they be awarded all costs and fees as permitted by law.

Respectfully Submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>March 23, 2023</u>          By: /s/ *Gary H. Dadamo*
          Gary H. Dadamo, Atty. I.D. #93292
          331 E. Butler Avenue, P. O. Box 5069
          New Britain, Pennsylvania  18901
          (215) 345-9111 – Office
          gdadamo@sweetstevens.com
          Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.M. as father and natural guardian | : | **CIVIL ACTION - LAW** |
| of A.M., a minor, and | : | |
| S.K. as father and natural guardian of | : | |
| T.K., a minor | : | **JURY TRIAL DEMANDED** |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TAMAQUA AREA SCHOOL | : | |
| DISTRICT, RAYMOND KINDER, | : | |
| STEVEN TOTH, THOMAS MCCABE, | : | **No. 3:22-CV-00525-JFS** |
| LARRY WITTIG, NICHOLAS BOYLE, | : | |
| MELANIE DILLMAN, THOMAS | : | |
| BARTASAVAGE, BRYAN MILLER, | : | |
| MARK ROTHER, THOMAS ROTTET, | : | |
| DANIEL SCHOENER, AND TRINA | : | |
| SCHELLHAMMER, | : | |
|     Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Gary H. Dadamo, Esquire, counsel for the Defendants, hereby certify that a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses was served through the Court's ECF filing system upon counsel of record.

SWEET, STEVENS, KATZ & WILLIAMS LLP


Date: <u>March 23, 2023</u>    By: <u>/s/ *Gary H. Dadamo*</u>
                            Gary H. Dadamo, Atty. I.D. #93292
                            331 E. Butler Avenue, P. O. Box 5069
                            New Britain, Pennsylvania 18901
                            (215) 345-9111 – Office
                            gdadamo@sweetstevens.com
                            Counsel for Defendants