UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.M., as father and natural guardian of A.M., a minor, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAMAQUA AREA SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:22-cv-00525 <br><br> (SAPORITO, M.J.) |

MEMORANDUM

This matter is before the court on the defendants' motion to compel discovery responses. (Doc. 47). The motion is fully briefed and ripe for decision. (Doc. 48; Doc. 3; Doc. 57). We incorporate our recitation of the factual allegations set forth in our Memorandum dated March 2, 2023 (Doc. 50). As discussed below, we will grant the motion in part, and deny it in part.

The defendants challenge the sufficiency of responses to defendants' first set of interrogatories and request for production of documents. Following a discovery hearing before the court on January 24, 2023, the defendants filed their motion to compel arguing that: (1) the

plaintiffs' work product objections are improper; (2) the plaintiffs are required to file a privilege log specifying the documents being withheld; and (3) as there are thirteen defendants, they are entitled to a total of 325 interrogatories.

## I. Legal Standards

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

> Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of

>admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.

*Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citations omitted). When the Court is presented with a motion to compel discovery,

>[t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

## II. Discussion

The defendants contend that the deficient paper discovery responses by the plaintiffs consist of the following: (1) defendants' interrogatories to S.M. and A.M. Nos. 9 and 10; (2) defendants' interrogatories to S.K. and T.K. Nos. 3, 9, 10, and 14; (3) defendants' request for production of documents to S.M. and A.M. Nos. 3, 9, 10, and 14; and (4) defendants' request for production of documents to S.K. and T. K. Nos. 1, 2, 5, 7, 8, 10, and 11. (Doc. 47 ¶ 15). Further, the defendants argue that the plaintiff's reliance upon the work-product doctrine to protect them from disclosing the requested information does not apply to

the underlying facts that are contained in any potentially responsive documents.

Rule 26(b)(1) provides generally that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The party claiming a privilege has the burden of establishing that a privilege applies. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). The burden rests upon the party who claims that requested documents are privileged or subject to protection as trial preparation material to "describe the nature of the documents, communications, . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Here, the plaintiffs have objected to the production of certain witness interviews by counsel based on the work-product doctrine. (Doc. 47-3, Doc. 47-4). The plaintiffs contend that their counsel disclosed to defense counsel that "the information withheld as attorney work product is limited to attorney-drafted notes and/or memoranda of witness interviews." (Doc. 53, at 9). The plaintiffs concede that they have not

prepared a privilege log as to do so "would be equivalent to ordering them to turn over a roadmap of their attorneys' investigation." (*Id.* at 10). We disagree. As this court has held:

> The adequacy of the privilege log turns on whether, as to each document, it sets forth facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed. The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule.

*Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 412 (M.D. Pa. 2019) (brackets omitted).

There is no requirement that a privilege log be created for privileged documents generated *after* the filing of the complaint. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009). But we are unable to determine whether the asserted work-product doctrine applies to documents generated *prior* to the filing of the complaint. *See Northwood Nursing & Convalescent Home, Inc.*, 161 F.R.D. 293, 299 (E.D. Pa. 1995). Even if we were to credit plaintiffs' counsel's disclosure to defense counsel (Doc. 53-1, at 1) as a privilege log, that disclosure describes the withheld documents only in a vague and highly generalized manner, depriving the defendants and the court of the

opportunity to evaluate the underlying factual basis for the blanket assertion. Therefore, to the extent that the plaintiffs continue to rely upon the work-product doctrine as the basis for non-disclosure, we will direct them to provide a privilege log to defendants' counsel describing the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the defendants to assess the claim of protection from disclosure. *See, e.g. Clemmons v. Acad. for Educ. Dev.,* 300 F.R.D. 6, 9 (D.D.C. 2013) ("[B]ecause Defendant is not entitled to learn the identity of which witnesses Plaintiff's counsel thought important enough to interview or communicate with, [the use] of alphanumeric [identifiers to differentiate between witnesses without disclosing their identities] is appropriate."); *Gerber v. Down E. Cmty. Hosp.,* 266 F.R.D. 29, 37 (D. Me. 2010). ([A]lthough Plaintiffs are not required to name names and thereby divulge their trial preparation in their privilege log, they must itemize the documents in questions according to date of creation so that Defendants may consider how the date of creation relates to the likelihood that the document was prepared in anticipation of litigation or for trial purposes."). If the defendants are

6

dissatisfied with the privilege log, they shall be permitted to file another motion to compel after attempting to resolve any dispute with plaintiffs' counsel.  However, we remind defense counsel that if the documents and the underlying facts are deemed protected by the work-product doctrine, the defendants must show that the materials "are otherwise discoverable," *and* that they have "substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26 (b)(3)(A)(i)(ii).

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated:  May 26, 2023